UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GONZALEZ, JR., | No. 2:14-cv-0737 KJM CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| R. GAMBERG, et al., | |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. The remaining defendants, defendants Gamberg, Wheeler and Lively (defendants) have filed a motion to dismiss.

I. Plaintiff's Remaining Claims

On October 14, 2014, the court screened plaintiff's complaint pursuant to its obligation to do so under 28 U.S.C. § 1915A. The court found service of process appropriate for defendants Gamberg, Wheeler and Lively based upon the following allegations:

1. Defendant Wheeler used excessive force against plaintiff in violation of the Eighth Amendment on October 15, 2010 when he applied handcuffs too tightly.

2. Defendant Gamberg directed defendant Wheeler to use the excessive force described above against plaintiff in violation of the Eighth Amendment.

/////

1

3. The excessive force described above was, in part, the result of plaintiff filing inmate grievances against defendant Gamberg in violation of plaintiff's First Amendment rights.

4. Defendant Wheeler committed a battery upon plaintiff on October 15, 2010 in violation of California law when he applied handcuffs too tightly.

5. Defendant Gamberg directed defendant Wheeler to commit the battery described above against plaintiff.

6. Defendant Lively used excessive force against plaintiff in violation of the Eighth Amendment on December 6, 2010 when he applied handcuffs too tightly.

7. Defendant Lively committed a battery upon plaintiff on December 6, 2010 in violation of California law when he applied handcuffs too tightly.

8. Defendant Lively began a course of retaliation against plaintiff on December 6, 2010, which resulted in adverse action against plaintiff including the use of excessive force described above, as a result of plaintiff's utilization of the inmate grievance process and in violation of the First Amendment.

II. Battery

Defendants argue that plaintiff's claims for battery against defendants are barred by the applicable statute of limitations. In the briefing regarding defendants' motion to dismiss, the parties agree as to the following:

1. Before plaintiff could pursue a claim for battery arising under California law in this court, he had to present the claim to, and have the claim rejected by the California Victim Compensation and Government Claims Board (Board).

2. Plaintiff's claims for battery were presented to the Board and rejected on May 19, 2011.

3. Under California law, plaintiff then had six months from May 27, 2011--the date the notice of rejection was mailed to plaintiff--to file his claims in this court. See Cal. Gov't Code § 945.6(a)(1).

This action was not commenced by plaintiff until March 16, 2014, when he gave his complaint to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 270 (1988). Unless

2

1  there is a basis for tolling the limitations period approximately 27 1/2 months, petitioner's state
2  law battery claims are time-barred.

3      Plaintiff alleges the limitations period concerning his battery claims was tolled on
4  November 27, 2011 when he submitted his complaint filed in 2:11-cv-3196 GEB EFB for
5  mailing. Plaintiff raised the same battery claims in that action as he does here. The claims were
6  dismissed on December 24, 2014 for being improperly joined in violation of Federal Rule of Civil
7  Procedure. ECF Nos. 16 & 18. It appears (and defendants concede) that as presented in the
8  complaint filed in 2:11-cv-3196 GEB EFB, plaintiff's battery claims were timely. But, plaintiff
9  fails to point to anything suggesting that the pendency of claims in one action which were
10  dismissed for a violation of the Federal Rules of Civil Procedure can form the basis for tolling of
11  the limitations period with respect to a subsequent action. Therefore, plaintiff has not shown a
12  basis for tolling the six month limitation period which began running on May 27, 2011 and ran
13  out well before this action was commenced.

14      In light of the foregoing, defendants' motion to dismiss plaintiff's battery claims as time-
15  barred should be granted.

16  II. <u>Defendant Gamberg</u>

17      With respect to plaintiff's remaining excessive force and retaliation claims against
18  defendant Gamberg, defendants argue that the claims are either barred by the res judicata
19  doctrine, or are duplicative of claims still pending in 2:11-cv-3196 GEB EFB.

20      As for the excessive force claim, which is essentially premised upon plaintiff's allegation
21  that defendant Wheeler's applying handcuffs to plaintiff too tightly on October 15, 2010 was at
22  the direction of defendant Gamberg, it is clear that allegations underlying the claim were made in
23  the second amended complaint in 2:11-cv-3196 GEB EFB as well. <u>See</u> ECF No. 15 at 7 & 14
24  (defendant Gamberg indicated in defendant Wheeler's presence that he would "make plaintiff's
25  life miserable" and Wheeler, Gamberg's subordinate employee, applied handcuffs to plaintiff in a
26  manner which constituted excessive force). The allegations were found not to amount to a claim
27  upon which relief could be granted. ECF No. 16 at 3-4 & 18.
28  /////

With respect to the retaliation claim, which is premised upon plaintiff's assertion that defendant Wheeler's use of excessive force against plaintiff on October 15, 2010 was due at least in part to plaintiff filing prisoner grievances against defendant Gamberg, the allegations supporting plaintiff's claim also appear in the second amended complaint filed in 2:11-cv-3196 GEB EFB. See ECF No. 15 at 13, 14. These allegations were also found not to amount to a claim upon which relief could be granted.   ECF No. 16 at 3-4; No. 18.

Essentially, in his second amended complaint in 2:11-cv-3196 GEB EFB, plaintiff puts forth the same allegations against defendant Gamberg as the allegations which support plaintiff's remaining claims against Gamberg in this action.  In 2:11-cv-3196 GEB EFB and pursuant to the court's obligation to screen complaints filed by prisoners against governmental employees (28 U.S.C. § 1915A), the allegations were found not to amount to a claim upon which relief can be granted.  To the extent plaintiff seeks relief from that ruling, he must do so in 2:11-cv-3196 GEB EFB, which is still an open case, or on appeal after judgment is entered.

For all of the foregoing reasons, the court will recommend that all of plaintiff's remaining claims against defendant Gamberg be dismissed.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 16) be granted;

2. Plaintiff's remaining claims against defendant Gamberg be dismissed;

3. Plaintiff's claims arising under California law for battery against defendants Wheeler and Lively be dismissed; and

4. Defendants Wheeler and Lively be ordered to file their answer with respect to plaintiff's remaining claims within 20 days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 18, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
gonz0737.57