UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GONZALEZ, JR., | No. 2:14-cv-0737-KJM-CKD |
| Plaintiff, | |
| v. | ORDER |
| R. GAMBERG, et al., | |
| Defendants. | |

    Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On May 18, 2015, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff has filed objections to the findings and recommendations, and, at the court's direction, defendants have filed a reply to plaintiff's objections. This court has conducted a *de novo* review in accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304.

    The court writes separately to address plaintiff's arguments that his state law battery claims against defendants Wheeler and Lively are saved from dismissal through application of

1

1  California's equitable tolling principles.[1]  Specifically, plaintiff contends that the statute of
2  limitations was tolled during the pendency of an earlier filed action in this court, Case No. 2:11-
3  cv-3196 GEB EFB, in which he raised the same claims.  The earlier action was filed November
4  27, 2011.[2]  The claims were dismissed from that action for improper joinder on December 24,
5  2013.  Case No. 2:11-cv-3196 GEB EFB P, ECF No. 18.  Plaintiff filed this action three months
6  later, on March 16, 2014.  ECF No. 1.[3]

   In addressing state law claims, federal courts must apply the forum state's equitable
tolling doctrine if it is not inconsistent with federal law.  *Board of Regents v. Tomanio*, 446 U.S.
478, 485-86 (1980); *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1139 (9th Cir.
2001).  Under California law, "'if the defendant is not prejudiced thereby, the running of the
limitations period is tolled '[w]hen an injured person has several legal remedies and, reasonably
and in good faith, pursues one.'"  *Daviton*, 241 F.3d at 1137 (quoting *Elkins v. Derby*, 12 Cal.3d
410, 414 (1974)).  The purpose of California's equitable tolling doctrine "'is to soften the harsh
impact of technical rules which might otherwise prevent a good faith litigant from having a day in
court.'"  *Daviton*, *id*. (quoting *Addison v. State of California*, 21 Cal.3d 313, 316 (1978)).
California law "'favors relieving plaintiff from the bar of a limitations statute when, possessing
several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent
of his injuries or damage,'"  *Daviton*, *id*. (quoting *Addison* at 317), and has a "'simple[] rationale:
a plaintiff should not be barred by a statute of limitations unless the defendant would be unfairly
prejudiced if the plaintiff were allowed to proceed.'"  *Daviton*, *id*. (quoting *Collier v. City of
Pasadena*, 142 Cal.App.3d 917, 923 (1983)).

---

[1] These arguments were not raised before the magistrate judge, which is why the court allowed defendants to respond.

[2] November 27, 2011 is the date plaintiff gave the complaint in the earlier action to prison officials for mailing and is deemed the filing date for that action.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988).

[3] This is the date plaintiff gave the complaint filed in this action to prison officials for mailing.  *See Houston v. Lack*, *supra*.

Three requirements govern application of California's equitable tolling doctrine in this context: "tolling is appropriate where the record shows '(1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and, (3) good faith and reasonable conduct by the plaintiff in filing the second claim.'" *Daviton*, 241 F.3d at 1137-38 (quoting *Collier*, 142 Cal.App.3d at 924). However, this aspect of California's equitable tolling doctrine is only available when a plaintiff seeks tolling for an action filed earlier in a different forum. *See*, *e.g.*, *Downs v. Department of Water and Power of the City of Los Angeles*, 58 Cal.App.4th 1093, 1099-1101 (Cal.App. 2 Dist. 1998); *see also Mojica v. 4311 Wilshire, LLC*, 131 Cal.App.4th 1069, 1073 (Cal.App. 2 Dist. 2005). The battery claims in this action were filed in sequential federal lawsuits, not in different forums. This doctrine does not, therefore, support equitable tolling of the limitation periods here, during the pendency of the earlier filed action.

California's equitable tolling jurisprudence does permit equitable tolling of a limitations period during the pendency of an earlier filed action in the same forum where other conditions are satisfied. In *Bollinger v. National Fire Ins. Co.*, 25 Cal.2d 399 (1944), the California Supreme Court considered the application of equitable tolling in a second suit brought after an initial action brought on the same cause of action was dismissed as prematurely filed. *Bollinger*, 25 Cal.2d at 402-03. For *Bollinger* to apply, three elements must be present: (1) the first decision must have been erroneous; (2) "dilatory tactics on the part of the defendant" must have contributed to disposition of the first suit outside the statute of limitations; and (3) the plaintiff must have diligently pursued his or her claim. *See Wood v. Elling Corporation*, 20 Cal.3d 353, 361 (1977); *see also Hull v. Central Pathology Service Medical Clinic*, 28 Cal.App.4th 1328, 1336 (Cal.App. 2 Dist. 1994) (in order for *Bollinger* to apply, *inter alia*, "the fact that the plaintiff is left without a judicial forum for resolution of the claim must be attributable to forces outside the control of the plaintiff"). There is nothing in the record before this court to show the prior dismissal of the battery claims for improper joinder was erroneous, nor was the time that elapsed prior to that dismissal attributable in any way to defendants. For these reasons, the *Bollinger* rule does not apply here.

1    For the foregoing reasons, plaintiff is not entitled to equitable tolling for the period while his earlier federal action was pending.  Plaintiff's objections are overruled.

Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed May 18, 2015, are adopted in full, with one correction: At page 3, line 6 of the findings and recommendations, the date December 24, 2014 is corrected to December 24, 2013.

2. Defendants' motion to dismiss (ECF No. 16) is granted.

3. Plaintiff's remaining claims against defendant Gamberg are dismissed.

4. Plaintiff's claims arising under California law for battery against defendants Wheeler and Lively are dismissed.

5. Defendants Wheeler and Lively shall file their answer with respect to plaintiff's remaining claims within 21 days.

DATED:  March 2, 2016.

_____
UNITED STATES DISTRICT JUDGE