UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GONZALEZ, JR., | No. 2:14-cv-0737 KJM CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| R. GAMBERG, et al., | |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. The remaining defendants, Lively and Wheeler, are employees of the California Department of Corrections and Rehabilitation (CDCR) at High Desert State Prison (High Desert). Defendant Lively has filed a motion for summary judgment arguing that plaintiff failed to exhaust available administrative remedies before bringing this action as plaintiff is required to do under 42 U.S.C. § 1997(e)(a).

The following claims remain with respect to defendant Lively:

1. Defendant Lively used excessive force against plaintiff in violation of the Eighth Amendment on December 6, 2010 when he applied handcuffs too tightly. ECF No. 1 at 11-12.

2. Between December 6, 2010 and April 15, 2011, defendant Lively retaliated against plaintiff for his utilization of the inmate grievance process at High Desert in violation of the First

/////

1

Amendment.  The retaliation resulted in adverse action against plaintiff including the excessive force described above.  ECF No. 1 at 11-13.

Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997(e)(a).  Administrative procedures generally are exhausted with respect to the California prisoner grievance process once the third level of review is complete.  The third level of review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation (CDCR).  Cal. Code Regs. tit. 15, § 3084.7.

The exhaustion requirement demands "proper" exhaustion.  Woodford v. Ngo, 548 U.S. 81, 90-91 (2006).  In order to "properly exhaust" administrative remedies the prisoner must generally comply with the prison's procedural rules throughout the administrative process.  Jones v. Bock, 218 U.S. 199, 218 (2006).

If undisputed evidence viewed in the light most favorable to the prisoner / plaintiff shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014).  If there is at least a genuine issue of material fact as to whether there was exhaustion, the motion for summary judgment must be denied.  See Fed R. Civ. P. 56(a).

The parties agree that plaintiff filed a grievance, High Desert #11-01447, concerning the events which form the basis of plaintiff's remaining claims against defendant Lively.  The initial grievance was filed August 30, 2011.  ECF No. 33-4 at 12.  After proceeding through the first and second levels of the grievance process, plaintiff submitted the grievance to the third level on January 29, 2012.  ECF No. 33-4 at 13.  On April 27, 2012, the grievance was cancelled at the third level as untimely.  ECF No 33-4 at 24.  Plaintiff then appealed that decision back to the third level as he is permitted to do under Cal. Code Regs. tit. 15 § 3084.6(e).  The third level reaffirmed its earlier finding, specifically noting that plaintiff's original grievance was not filed within 30 days of the events grieved as required by Cal. Code Regs. tit. 15 § 3084.8(b).  ECF No. 33-4 at 26-27.

In his opposition to defendant's motion, plaintiff admits all of the foregoing. He argues, however, that the prisoner grievance process was not "available" to plaintiff because of the threat of retaliation from defendant Lively and other correctional officers. In McBride v. Lopez, 807 F.3d 982, 987 (9th Cir. 2015), the Ninth Circuit held that a threat of retaliatory action by a prison official would render a prison grievance system unavailable so as to excuse a prisoner's failure to exhaust administrative remedies if the following conditions are met:

> 1. The threat of retaliation actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the process; and
>
> 2. The threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust.

In his complaint, plaintiff asserts that he delayed filing his initial grievance until his arrival at the California Correctional Institution in Tehachapi, California (CCI) because he feared retaliation from defendant Lively while still at High Desert. ECF No. 1 at 13-14. However, evidence provided by defendant shows that plaintiff arrived at CCI on June 30, 2011, approximately 60 days before he submitted his grievance. ECF No. 43. Plaintiff fails to explain his delay once he arrived at CCI and there is nothing before the court suggesting plaintiff had reason to or actually did fear retaliation at CCI.[1]

As indicated above, in order to properly exhaust administrative remedies, a prisoner must generally comply with all procedural rules during the grievance process including deadlines. Woodford, 548 U.S. at 90-91. Plaintiff did not file his grievance concerning his remaining claims against defendant Lively until well after the CDCR-created deadline had passed. Because plaintiff's grievance was cancelled for failure to file a timely grievance, and because there is not a genuine issue of material fact as to whether plaintiff's failure to file a timely grievance was due to unavailability of the grievance process, defendant's motion for summary judgment should be

---

[1] In his opposition, plaintiff attempts to explain his delay in filing at the third level of review following the denial of his grievance at the second level. However, his grievance was cancelled at the third level because of his late initiation of the grievance process, not because he also filed late at the third level.

granted, and plaintiff's remaining claims against defendant Lively should be dismissed.

The court notes that at the end of his opposition, plaintiff requests that the court order CDCR to process grievance No. #11-01447 at the third level rather than granting summary judgment in favor of defendant Lively. Again, in <u>Woodford</u>, the Supreme Court made clear that departments of corrections are free to demand compliance with deadlines "because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." <u>Id</u>. <u>Woodford</u> precludes the court from ordering CDCR to ignore their deadline for the filing of grievances.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendant Lively's motion for summary judgment (ECF No. 33) be granted; and

2. Plaintiff's remaining claims against defendant Lively be dismissed for failure to exhaust available administrative remedies prior to bringing suit.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 14, 2016

/s/ Carolyn K. Delaney
_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
gonz0737.exh

4